UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>ZENISCO, INC., et al.,<br><br>        Defendants. | Case No. 19-cv-05198-HSG<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: Dkt. No. 34 |

Plaintiff Atain Insurance Company ("Atain") brings this insurance coverage action against Defendants Zenisco, Inc. ("Zenisco"), its officers, Shahrokh Riahinezhad and Shahrooz Taebi, and 3S Network, Inc. ("3S"). Atain seeks rescission of the insurance policy issued to Zenisco, and declaratory judgments that it has no obligation to defend or indemnify Zenisco or its officers against claims for damages asserted in state court actions filed by 3S. Pending before the Court is Zenisco, Riahinezhad, and Taebi's motion to stay Plaintiff's first amended complaint. *See* Dkt. No. 34 ("Mot."), 37 ("Opp."), 38 ("Reply"). The Court **GRANTS** the motion.

**I.    BACKGROUND**

    **A.    The Policy**

On October 12, 2015, Defendant Riahinezhad completed an application for commercial general liability insurance for Zenisco, Inc. *See* Compl., Ex. A. The application noted that Zenisco sought coverage for contractor services classified as "Residential and Commercial remodeling [and] room additions with service and repair work." *Id.*, Ex. A at 32. Atain issued the liability policy to Zenisco, covering the period of October 23, 2015 through October 23, 2016. *See id.*, Ex. C. The Policy specifically noted Zenisco's business description as "Remodeling Contractor." *Id.*, Ex. C at 39.

The Classification Limitation Endorsement states:
> Coverage under this policy is specifically limited to, and applies only to those classifications as described under the applicable Coverage Part or Schedule designated in the Declarations Page of this policy.

*Id.*, Ex. C at 56.  The Supplemental Declarations document provides that the location of all premises is "PER SCHEDULE OF LOCATIONS," and the classification is "REMODELER R/A: LICENSED HANDYMAN CONTRACTOR."  *Id.*, Ex. C at 48.  Under the Schedule of Locations, the Policy further provides that the designated premises for Zenisco, Inc. is in San Ramon, California as a "Remodeling Contractor."  *Id.*, Ex. C at 41.

### B. The Underlying Action

On May 20, 2019, 3S filed its initial complaint in state court against Zenisco, Riahinezhad, and Taebi, bringing the following claims: fraud, breach of contract, breach of good faith and fair dealing, conversion, and tortious interference with contractual relationship.  *See id.*, Ex. D.  As alleged in its initial complaint, "3S is a company involved in the design, construction and engineering service industry within the telecom industries."  *Id.*, Ex. D at ¶ 8.  3S alleged that it learned of the existence of Zenisco from a client in August 2016, after Riahinezhad had given his two-week notice.  *Id.*, Ex. D at ¶ 12.  Following an internal investigation, "3S reasonably concluded that Riahinezhad had started a competing business while he was still an employee of 3S Network."  *Id.*, Ex. D at ¶ 13.  "Specifically, 3S found Zenisco contracts and incorporation papers which showed that Taebi and Riahinezhad were in fact partners in Zenisco.  3S also found communications between both Riahinezhad and Taebi in which Taebi clearly and willfully share[d] client contact information . . . while Taebi was still an employee of 3S Network."  *Id.*  3S alleged that it "has been deprived of business from many of its now former clients" as a result of Zenisco, Riahinezhad, and Taebi's actions.  *Id.*, Ex. D at ¶ 20.

Zenisco sent notice to Atain of the lawsuit on June 25, 2019.  *Id.*, Ex. D at ¶ 42.  After an internal investigation, Atain declined coverage for the underlying action, and further indicated that it was rescinding the policy.  *See id.*, Ex. E.  Atain declined coverage because it found that the claims alleged against Zenisco did not fall within the scope of coverage of the policy.  *Id.*, Ex. E at 129–32.  Atain additionally rescinded the policy because it concluded that Zenisco concealed the

1   nature of its business operations (telecommunications contractor instead of remodeling contractor
2   or handyman) and the location of the operations (San Ramon, California instead of the state of
3   Washington). *Id.*, Ex. E at 135–36. Atain then filed this suit on August 20, 2019. *See* Dkt. No. 1.
4         On November 22, 2019, 3S dismissed its initial complaint, and it then filed a new lawsuit
5   in state court on December 21, 2019. Compl., Ex. G. The factual allegations remain largely the
6   same, but 3S amended the complaint to allege claims of fraud, breach of common law duties of
7   loyalty, good faith, and fair dealing, misappropriation of trade secrets, tortious interference, civil
8   conspiracy, conversion, unjust enrichment, violation of 18 U.S.C. § 1030, et seq. (Fraud and
9   Related Activity in Connection with Computers), violation of Revised Code of Washington 19.96
10  (Washington Consumer Protection Act), a claim for accounting, and a claim for injunctive relief.
11  *Id.*, Ex. G at ¶¶ 30–77.

## II. LEGAL STANDARD

The parties initially disagree as to the standard under which the Court should evaluate Defendants' motion to stay. Defendants suggest the Court should apply the legal standard articulated in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), because Plaintiffs bring a declaratory judgment claim under the Declaratory Judgment Act. Mot. at 6–7. Plaintiff argues that the Court should apply California law and the standard articulated in *Montrose Chem. Corp. v. Superior Court*, 861 P.2d 1153 (Cal. 1993). Opp. at 1.

Here, the Amended Complaint includes a claim for rescission of the policy. Because the rescission claim would be viable without the declaratory relief claim, the rescission claim is "independent," and thus invokes this Court's mandatory jurisdiction. *See Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (finding that "when other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief"); *cf. United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1114 (9th Cir. 2001) (holding that insurer's "request for reimbursement is independent of the request for declaratory relief"). Accordingly, *Brillhart* does not apply.

Finding the rescission claim independent of the declaratory relief claim, the Court must

3

assess whether the California standard under *Montrose* should apply.[1]  Generally, federal courts sitting in diversity apply federal procedural law and state substantive law.  *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).  Here, Atain brings this action under diversity jurisdiction.  *See* Dkt. No. 32 ("Compl.") ¶ 1.  "[B]ecause a stay of an action is procedural, not substantive, the Court applies federal law to determine whether to grant a stay."  *Zurich Am. Ins. Co. v. Omnicell, Inc.*, No. 18-cv-05345-LHK, 2019 WL 570760, at *4 (N.D. Cal. Feb. 12, 2019).  Thus, *Montrose*, which is state law, does not govern the instant motion.

However, the Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  *Landis* sets out a federal procedural standard that governs motions to stay in diversity cases.  Under *Landis*, courts must weigh competing interests in deciding whether to grant a stay: (1) "possible damage which may result from granting a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (holding that the balance of hardships between the parties, or the prospect of narrowing the factual and legal issues in the other proceeding may justify a stay).  A stay may be the most efficient and fairest course when there are "independent proceedings which bear upon the case."  *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).  A district court's decision to grant or deny a *Landis* stay is a matter of discretion.

### III.  ANALYSIS

Having balanced the competing interests in this case, the Court finds that a stay is warranted.  Under the first *Landis* factor, Atain does not point to any possibility of damage that may result from granting a stay.  *See generally* Opp.  Atain has already denied coverage to

---

[1] In their reply brief, Defendants appear to agree that *Montrose* controls the resolution of this motion.  *See generally* Reply.

4

Defendants based on its coverage determination, has rescinded the Policy, and will not incur expenses defending the underlying action until this case is resolved (if ever). *See* Compl., Exs. E & F. Thus, the only identifiable damage to Atain is some delay in resolving this action. The Ninth Circuit has found similar reasons to deny a stay unpersuasive. *See CMAX, Inc.*, 300 F.2d at 269 (holding that a delay "is not the kind of prejudice which should move a court to deny a requested postponement").

Under the second *Landis* factor, Defendants repeatedly contend that they will have to simultaneously fight the underlying litigation and this action if this action is permitted to proceed. Reply at 3. The Ninth Circuit has rejected this argument as well: "defending a suit without more does not constitute a clear case of hardship or inequity within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112.

Under the third *Landis* factor, the Court concludes that the orderly administration of justice warrants a stay. Atain argues that the rescission and declaratory judgment claims do not overlap with the issues in the underlying litigation. Opp. at 5–6. Specifically, Atain argues that the issue before this court "is not whether, at the time it submitted its application to Atain, Zenisco was intending to compete with 3S by stealing its employees, clients, and trade secrets or diverting business opportunities away from 3S, as alleged in the Underlying Action, but whether Zenisco failed to truthfully disclose the type of business it was operating (telecommunications contractor vs. remodeling contractor) and where those operations were taking place (western United States vs. California)." Opp. at 2.

Defendants respond by noting that Atain must prove that Zenisco was doing work as a telecommunications contractor or that it was doing business in Washington, which "necessarily involve[s] identifying the businesses and clients to whom Zenisco provided these alleged services, including where they were provided." Reply at 5. Defendants argue that "proof of these allegations not only involves common facts to the underlying action but will directly benefit and aid 3S given that 3S also seeks to prove that the Zenisco Defendants operated a competing telecommunications-contracting business while Riahin[ez]had worked for 3S, and while doing so, improperly diverted 3S' clients to Zenisco." *Id.* While the Court finds that the factual issues

raised in the rescission claim do not overlap with the underlying action,[2] many of the Policy provisions at issue in the declaratory judgment claims do involve such overlapping facts.

Although in its opposition Atain cites only the Classification Limitation Endorsement exclusion as the grounds for the declaratory judgment claims, the Amended Complaint includes numerous other Policy provisions that Atain alleges negate any duty to defend or indemnify the underlying action. For example, Atain alleges that both the "Infringement, Misappropriation and Unfair Competition" exclusion and the "Access or Disclosure of Confidential or Personal Information and Data Related Liability" exclusion relieve its duty to defend or indemnify Defendants. *See* Compl. at ¶¶ 101, 113. Both provisions implicate factual issues that are in dispute in the underlying action. The first exclusion allegedly removes coverage for any violation of the Washington Consumer Protection Act, while the latter allegedly excludes coverage arising out of any access to or disclosure of an organization's confidential or personal information, including trade secrets. *See id.* at ¶¶ 20, 27. These allegations in Atain's Amended Complaint implicate 3S's core claims in the underlying action.[3] Thus, both the underlying litigation and this declaratory judgment action will require overlapping factual and legal determinations, such that if the cases were to proceed simultaneously, there would be a risk of inconsistent results on these disputed questions. *See Leyva*, 593 F.2d at 863 ("A trial court may . . . find it is efficient for its

---

[2] The underlying action is based on Defendants' actions relative to 3S. For instance, many of the claims, including misappropriation of trade secrets, tortious interference, and civil conspiracy, concern Defendants' alleged inappropriate use of 3S's business relationships, strategies, and technology. But Atain's rescission claim concerns only whether Defendants concealed the true nature of the business and the location of the operations. While this may require some proof regarding Defendants' operations (such as the location of customers and the type of service provided), these facts are not central to 3S's claims. Proof of location and the nature of operations need not include any detail about how Zenisco obtained its clients or any information regarding its relationship with 3S. Atain only needs to show that Zenisco was operating in Washington and/or that it was not engaged in remodeling work as represented in Zenisco's application for commercial general liability insurance. Thus, the factual issues in the rescission claim do not overlap with the factual issues in the underlying action.

[3] For this reason, Atain's argument that "Federal courts applying California law routinely decline to stay coverage actions involving analogous discrete coverage exclusions," Opp. at 7, is inapposite. While the insurers in the cases cited by Atain relied only on exclusions that did not implicate factual issues raised in the underlying action, Atain here relies on at least three policy defenses that necessarily do implicate such issues.

own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). In light of the overlapping factual and legal issues, coupled with the risk of inconsistent results, the Court finds that a stay of the declaratory judgment claim warranted.

The Court further finds, in its discretion, that a stay of the rescission claim is also appropriate. While the factual issues implicated in the rescission claim do not overlap with those at issue in the underlying action, they overlap in part with the declaratory judgment claims (namely the allegations regarding the Classification Limitation Endorsement Exclusion). Given the partially-overlapping legal bases of the rescission and declaratory judgment claims, the Court finds the most efficient course of action would be to make all determinations together.

## IV.  CONCLUSION

For the reasons noted above, this action is hereby **STAYED** pending resolution of the underlying action. The parties are directed to jointly notify the Court within 48 hours of the conclusion of the underlying action. The clerk is directed to administratively close the case.

**IT IS SO ORDERED.**

Dated: 7/6/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge